IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND ANTHONY MAJORS, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants. | No. C 05-00061 CRB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND TO SHOW CAUSE RE: CIVIL CONTEMPT** |

Now pending before the Court is the Report and Recommendation of Magistrate Judge Maria Elena James regarding the civil contempt of plaintiff Reverend Anthony Majors. Plaintiff Majors has not filed an objection to the Report and Recommendation and has not otherwise communicated with the Court. Having carefully reviewed the Report and Recommendation, the Court ADOPTS it in its entirety. The Magistrate Judge's findings establish that Reverend Majors intentionally violated the settlement agreement, lied under oath to the court, and willfully refused to comply with the court's order that he pay defendants $60,000 to compensate them for their damages incurred as a result of his violation of the settlement agreement.

"Civil contempt sanctions . . . are employed for two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992) (citations

omitted). Moreover, "[u]nlike the punitive nature of criminal sanctions, civil sanctions are wholly remedial." Id. Courts have "longstanding authority . . . to enter broad compensatory awards for all contempt through civil proceedings." United Mine Workers of America v. Bagwell, 512 U.S. 821, 838 (1994). However, compensatory sanctions are limited to "the actual damages suffered by the injured party as a result of the violation of the injunction." Federal Trade Com'n v. Productive Marketing Inc., 136 F.Supp.2d 1096, 1112 (C.D. Cal. 2001) (citing G&C Merriam Co. v. Webster Dictionary Co., Inc., 639 F.2d 29, 41 (1st Cir. 1980)).

The Court agrees with the Magistrate Judge that an award to defendants of $60,617 to retire the loan and $3,335.34 to reimburse the church for penalties associated with the loan are appropriate remedial compensatory sanctions. The Court also agrees with the Magistrate Judge that defendants are entitled to costs and attorneys' fees in the amount of $27,741.10. A compensatory civil contempt allows the aggrieved party to obtain attorneys' fees. See Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 507 (9th Cir. 2002); Harcourt Brace Jovanovich Legal and Professional Publications, Inc. v. Multistate Legal Studies, Inc., 26 F.3d 948, 953 (9th Cir. 1994).

Accordingly, Reverend Majors is ordered to pay defendants the above amounts on or before **September 1, 2006.** If he does not pay defendants in full by that date, he must show cause why he should not be held in further contempt of the Court's orders. Any written materials in support of his argument shall be filed on or before September 5, 2006. The Court will hold a show cause hearing on Thursday, September 7, 2006 at 10:00 a.m in Courtroom 8. Reverend Majors must personally appear at the hearing. The Court will consider all appropriate coercive sanctions, including incarceration.

**IT IS SO ORDERED.**

Dated: August 17, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE